*LDA*

## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

**FILED**

| | |
|---|---|
| JOSE G. SANCHEZ,<br>on behalf of himself and all others<br>similarly situated | ) )<br>)<br>) |
| Plaintiff, | ) |
| vs. | )<br>) |
| STERLING INFOSYSTEMS, INC.,<br>d/b/a STERLING TESTING SYSTEMS, INC. | )<br>)<br>) |
| Defendant. | )<br>) |

MAR 06 2012

U.S. DISTRICT COURT
DISTRICT OF R.I.

Civil Action No.

CLASS ACTION

**CA 12- 157L**

Jury Trial Demanded

### CLASS ACTION COMPLAINT

#### I.   Preliminary Statement

1.     This is a consumer class action based upon Defendant Sterling Infosystems, Inc.'s

willful violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA").  Plaintiff

brings this action on behalf of thousands of employment applicants throughout the country who

have been the subject of prejudicial, misleading and inaccurate background reports performed by

the Defendant and sold to employers and prospective employers.   Defendant has adopted and

maintained a policy and practice of knowingly, intentionally, recklessly and willfully reporting

erroneous adverse public record information that is required to be excluded from the consumer

reports that it sells.

The prejudice caused by the erroneous reporting of adverse public record information is

exacerbated by Defendant's failure to notify the consumer contemporaneously of the fact that the

erroneous criminal record information is being sent to the employer or prospective employer, and

Defendant's failure to maintain strict procedures to assure that the adverse information it reports

is complete and up to date, and that inaccurate adverse public record information is removed

from its reports.

As a result, consumers who are entitled to receive copies of their credit files from Defendant pursuant to section 1681k of the FCRA are deprived of full disclosure, and unable to adequately verify and/or dispute the accuracy of the information that Defendant sells to employers. Defendant's practice harms consumers seeking employment by prejudicing their prospective employers with inaccurate and misleading information, and harms interstate commerce as a whole.

## II.    Jurisdiction and Venue

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337.

3.    Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III.    Parties

4.    Plaintiff Jose G. Sanchez is an adult individual and citizen of the State of Rhode Island who resides at 171 Reservoir Avenue, Providence, Rhode Island 02907.

5.    Defendant Sterling Infosystems, Inc., doing business as Sterling Testing Systems, Inc. (hereafter "Sterling"), is a business entity that regularly conducts business in Rhode Island, and has a principal place of business located at 249 West 17th Street, Floor 6, New York, New York 10011.

## IV.    Factual Allegations

### A.    Defendant's Practices As A Consumer Reporting Agency

6.    At all times pertinent hereto, Defendant was a "consumer reporting agency" ("CRA") as defined by section 1681a(f) of the FCRA.

7.    At all times relevant hereto, Plaintiff was a "consumer" as defined by section 1681a(c) of the FCRA.

8.      Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer credit report information by CRAs.

9.      Defendant investigates and reviews public record databases and assembles and/or maintains consumer files which contain public record information concerning, among other things, the alleged criminal record history of individuals.

10.      From its files, Defendant sells consumer reports to potential employers wishing to investigate the criminal record history, or lack thereof, with regard to various job applicants. According to Defendant's website, Sterling is "the third largest provider of employment and student screening services, background investigative services and occupational health services in the United States.... we annually perform millions of background checks, drug tests, and other key verification, screening and assessment services.... With more than three decades of experience, Sterling Infosystems is the leading private provider of background and employment screening services, delivering information quickly, accurately and securely."

See www.sterlinginfosystems.com/aboutus/; www.sterlinginfosystems.com.

11.      When a CRA furnishes a consumer report for employment purposes, and compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment, the CRA, at the time the public record information is reported to the user of the consumer report, must notify the consumer of the fact that public record information is being reported by the CRA, together with the name and address of the person to whom such information is being reported.  15 U.S.C. § 1681k(a)(1).

12.      Alternatively, a CRA is required to maintain strict procedures designed to assure that whenever public record information that is likely to have an adverse effect on a consumer's

ability to obtain employment is reported, that information is accurate, complete and up-to-date. 15 U.S.C. § 1681k(a)(2).

13.     When a CRA produces a copy of a consumer's report to the consumer or a third party, the CRA is required to exclude certain adverse items of information and to provide only updated and accurate information. *See* 15 U.S.C. § 1681c(a)(5).

14.     Moreover, CRAs are required to follow reasonable procedures to assure maximum possible accuracy of the information they sell, and that the information on a given consumer's report actually concerns that consumer and not any other person. *See* 15 U.S.C. § 1681e(b).

15.     Despite these clear, well-established and unambiguous requirements of the FCRA, Defendant sells adverse inaccurate items of information without following strict or reasonable procedures to assure maximum possible accuracy.

16.     Further, Defendant fails to notify the consumer contemporaneously of the fact that public record information is being reported by Defendant. Defendant also fails to maintain strict procedures to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, it is complete and up-to-date.

17.     Defendant's practices not only violate the FCRA as a matter of law, they exact serious consequences on consumer job applicants and interstate commerce. When consumers with no criminal history have been reported as having criminal records they are viewed as less desirable job applicants and more likely not to be hired by the prospective employers who pay Defendant for such reports.

18.     Further, such consumers are prejudiced in their ability to adequately determine whether the information is being properly reported. Pursuant to Defendant's practice, by the time the consumer is made aware of the reporting of outdated adverse information, it is too late

4

to correct the contents of the report because it has already been sold to the employer by the Defendant and has formed the basis of a decision whether to hire the applicant or give him or her a promotion.

19.     Despite its duties to notify the consumer contemporaneously of the fact that the adverse information is being sent to the employer, to maintain strict procedures designed to ensure that such reported information is complete and up-to-date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently adopted a policy and practice that disregards these duties, in violation of the FCRA.

**B.     The Experience of The Representative Plaintiff**

20.     Unbeknownst to Mr. Sanchez, a separate, unrelated individual named Jose A. Sanchez was arrested on May 16, 1994 and thereafter convicted of a felony for possession of a controlled substance in Providence County, Rhode Island, on September 1, 1994.

21.     The criminal record for Jose A. Sanchez shows his birth date as August 14, 1960.

22.     The birth date for Plaintiff Jose G. Sanchez is September 14, 1960.

*23.*     Mr. Sanchez has never been convicted of a felony.

24.     Mr. Sanchez further is not acquainted with and has never met Jose A. Sanchez.

25.     Prior to February 2010, Mr. Sanchez had been employed by SBM Site Services, LLC ("SBM") in Rhode Island since about June 2006 as a cleaning and floor technician.  On February 1, 2010, Mr. Sanchez, along with two other employees, was laid off in accordance with seniority requirements.

26.     In July 2010, a custodial position became available at SBM.  Mr. Sanchez was contacted as to his interest in the position and on July 23, 2010, Mr. Sanchez completed a new employment application.  Mr. Sanchez truthfully stated in his application that he had no felony convictions.

27.    In connection with his application for re-hire, Mr. Sanchez agreed to SBM's requirement of a background check by Sterling.  In order to perform the background check, Sterling required Mr. Sanchez to sign a standardized form "Consent and Disclosure" which, among other things, purported to require Mr. Sanchez to "agree not to file or pursue any complaints, claims or legal actions of any kind against STERLING for providing the aforementioned information."

28.    The Consent and Disclosure that Sterling provided to Mr. Sanchez violated section 1681b(b)(2) of the FCRA because it did not consist "solely of the disclosure that a consumer report may be obtained for employment purposes," but instead unlawfully attempted to obtain in advance a waiver of Mr. Sanchez's and other consumers' rights under the FCRA and improperly provide prophylactic protection to Sterling and the employer from any improper actions or omissions committed in providing the background report to the employer.

29.    Following his application for employment, SBM re-hired Mr. Sanchez.

30.    On August 2, 2010, Sterling provided to SBM the background report on Mr. Sanchez.

31.    The report was not accurate.  The report improperly disclosed that Plaintiff had been convicted of a felony for possession of a controlled substance.  That was false.

32.    Any preparer of a background consumer report that maintained strict procedures designed to ensure maximum possible accuracy would ensure that the consumer's personal identifying information including name, social security number and date of birth match the personal identifying information on the public record, and would have disclosed the accurate race of the consumer.  Nonetheless, with knowledge that Plaintiff Jose G. Sanchez and Jose A. Sanchez were two separate persons, Defendant willfully and recklessly disclosed the criminal history of Jose A. Sanchez on the report of Plaintiff Jose G. Sanchez anyway.

6

33.     On or about August 5, 2010, SBM suspended Mr. Sanchez for three days for purportedly neglecting to disclose a past felony on his employment application.

34.     Mr. Sanchez denied any falsification on his employment application. Nonetheless, on August 9, 2010, SBM terminated Mr. Sanchez for alleged falsification of information on his application.

35.     Defendant did not provide Mr. Sanchez with any notice or report at the time it sold such information to SBM, as required by section 1681k of the FCRA.

36.     A CRA's duty under section 1681k to maintain strict procedures to ensure that the reporting of public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is accurate, complete, up-to-date and does not contain inaccurate adverse information is absolute and not dependent on whether a consumer knows of or disputes inaccurate adverse, or otherwise improperly disclosed information.  The requirements of section 1681k are independent of a CRA's duty to reinvestigate disputes under section 1681i.  In other words, the FCRA does not require consumers to wait to have inaccurate adverse public record information reported about them and to then dispute the improper reporting.

37.     Defendant's practices and procedures described herein affected not only the Plaintiff but also other applicants for employment who had inaccurate adverse information that was deliberately, knowingly and recklessly reported by Defendant to employers and prospective employers.  By failing to maintain strict procedures to ensure reporting of accurate, complete and up-to-date public record information, Defendant's practices directly conflict with the purposes of the FCRA and harm consumers.

38.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

39.    At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## V.    CLASS ACTION ALLEGATIONS

40.    Plaintiff brings this action individually and as a class action for Defendant's willful violation of section 1681k of the FCRA, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, on behalf of the following Classes:

(a)    all natural persons residing within the United States and its Territories who, beginning two (2) years prior to the filing of this Complaint and continuing through the conclusion of this action, were the subject of an employment consumer report prepared by Defendant which included any adverse criminal or public record information (including any judgment of conviction, arrest, bankruptcy, civil judgment or tax lien); and,

(b)    all natural persons residing within the United States and its Territories regarding whom, beginning two (2) years prior to the filing of this Complaint and continuing through the conclusion of this action, the Defendant procured or caused to be procured a consumer report for employment purposes following a written disclosure in containing language substantially similar to the Consent and Disclosure form provided to Mr. Sanchez and described above.

41.    The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff avers upon information and belief that the Class numbers in the hundreds or thousands. Defendant sells criminal record history information to thousands of businesses throughout the country, and its reports to such businesses and the disclosures it provides to consumers in writing are standardized, form documents, produced by the same practices and procedures applicable to all subjects of the reports.

8

42.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal questions include:

(a)     Whether the Defendant willfully violated section 1681k of the FCRA by failing to notify consumers contemporaneously of the fact that criminal record information is being sent to prospective employers;

(b)     Whether Defendant willfully violated section 1681k of the FCRA by failing to maintain strict procedures to assure that the information is complete and up-to-date;

(c)     Whether Defendant willfully violated section 1681b(b)(2) of the FCRA by procuring or causing to be procured consumer reports for employment purposes without providing a clear and conspicuous disclosure in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes.

43.     Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

44.     Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Plaintiff has secured counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

45.     This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

46.    A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small as the maximum statutory damages are limited to $1,000.00 under the FCRA.  Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendant's records.

## VI.    CAUSES OF ACTION

### Count One – Plaintiff and Class v. Defendant
### Section 1681k of FCRA

47.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

48.    Defendant is a "person" and "consumer reporting agency" as defined by sections 1681a(b) and (f) of the FCRA.

49.    Plaintiff is a "consumer" as defined by section 1681a(c) of the FCRA.

50.    The above-mentioned credit reports are "consumer reports" as defined by section 1681a(d).

51.    Pursuant to section 1681n of the FCRA, Defendant is liable for willfully violating FCRA section 1681k by engaging in the following conduct:

(a)    Failing to notify consumers contemporaneously of the fact that adverse public and criminal record information is being provided to employers or prospective employers; and

(b)    Failing to maintain strict and reasonable procedures to assure that the adverse information being reported relates to the particular consumer.

### Count Two – Plaintiff and Class v. Defendant
### Section 1681b(b)(2) of FCRA

52.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

53.     Pursuant to section 1681n of the FCRA, Defendant is liable for willfully violating FCRA section 1681b(b)(2) by procuring or causing to be procured a consumer report for employment purposes without first providing a clear and conspicuous disclosure in writing to the consumer in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes.

### Count Three – Plaintiff v. Defendant
### Section 1681e(b) of FCRA

54.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

55.     Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable to the Plaintiff for willfully and/or negligently violating FCRA section 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of the reports it sell to third parties.

### VII.     JURY TRIAL DEMAND

56.     Plaintiff demands trial by jury on all issues so triable.

### VIII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in favor of himself and the Class for the following:

(a)     That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

(b)     That judgment be entered against Defendant for statutory damages in the amount

of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15

U.S.C. § 1681n(a);

     (c)     That judgment be entered against Defendant for punitive damages pursuant to 15

U.S.C. § 1681n(a)(2);

     (d)     That judgment be entered for actual damages pursuant to 15 U.S.C. §§

1681n(a)(1) and/or 1681o(a)(1);

     (e)     That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C.

§§ 1681n and/or 1681o; and

     (f)     That the Court grant such other and further relief as may be just and proper.


     Respectfully submitted,

     CLAUDE LEFEBVRE, CHRISTOPHER
     LEFEBVRE, P.C.

By:     /s/ Christopher M. Lefebvre #4019
     P.O. Box 479
     Two Dexter St.
     Pawtucket, RI 02860
     (401) 728-6060


     FRANCIS & MAILMAN, P.C.
     JAMES A. FRANCIS
     JOHN SOUMILAS
     DAVID A. SEARLES
     Land Title Building, 19th Floor
     100 South Broad Street
     Philadelphia, PA 19110
     (215) 735-8600


**PLAINTIFF DEMANDS A TRIAL BY JURY:**

/s/ Christopher M. Lefebvre #4019


Dated:  March 5, 2012          *Attorneys for Plaintiff and the Class*